# UNITED STATES DISTRICT COURT
for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of ) | |
| ) | **FILED** |
| United States Postal Service Priority Mail Express ) | Aug 14, 2020 |
| Parcel EE 336647090 US addressed to "Ruben ) | CLERK, U.S. DISTRICT COURT |
| Hernandez 5519 Audrey Dr. Stockton, CA 95207" ) | EASTERN DISTRICT OF CALIFORNIA |
| ) | |

Case No. 2:20-sw-0718 EFB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the _____ Eastern _____ District of _____ California _____, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | distribution, and possession with intent to distribute, a controlled substance |
| 21 U.S.C. § 843(b) | illegal use of the mails in furtherance of narcotic trafficking |
| 21 U.S.C. § 846 | attempt and conspiracy to commit the foregoing offenses |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

☑ Continued on the attached sheet.

☐ Delayed notice _____ days (give exact ending date if more than 30 _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Trevor R. Covert (by telephone authorization)

*Applicant's signature*

Trevor R. Covert, United States Postal Inspector

*Printed name and title*

Sworn to before me and signed telephonically.

Date: 08/14/2020

*Judge's signature*

City and state: Sacramento, California

Edmund F. Brennan, U.S. Magistrate Judge

*Printed name and title*

## Affidavit of Postal Inspector Trevor R. Covert

I, Trevor R. Covert, being duly sworn, hereby depose and state:

## Purpose

1. This Affidavit is made in support of a search warrant for the United States Postal Service ("USPS") Priority Mail Express Parcel EE 336647090 US addressed to "Ruben Hernandez 5519 Audrey Dr. Stockton, CA 95207" (hereinafter referred to as "**THE PARCEL**").

2. **THE PARCEL** is in the temporary custody of the United States Postal Inspection Service ("USPIS") and is described more particularly in Attachment A, which is attached hereto and fully incorporated herein.

3. Based on the information provided in this affidavit, I believe there is probable cause that **THE PARCEL** contains evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. § 841(a)(1) (distribution, and possession with intent to distribute, a controlled substance), 21 U.S.C. § 843(b) (illegal use of the mails in furtherance of narcotic trafficking), and 21 U.S.C. § 846 (attempt and conspiracy to commit the foregoing offenses). The evidence, fruits, and instrumentalities to be searched for and seized are more fully described in Attachment B, which is attached hereto and incorporated fully herein.

## Agent Background

4. I have been a Postal Inspector since April 2012. I am currently assigned to the Sacramento Domicile, San Francisco Division, of the United States Postal Inspection Service. My current assignment is to investigate the unlawful transportation of contraband, including controlled substances and proceeds of the sale of controlled substances, through the United States Mail.

5. I attended the United States Postal Inspection Service Basic Inspector Training in Potomac, Maryland. I also completed a forty-hour Prohibited Mailings Narcotics training with the United States Postal Inspection Service. Through my training, experience, and interaction with other experienced Postal Inspectors, Task Force Officers, and other drug investigators, I have become familiar with the methods employed by drug traffickers to smuggle, safeguard, store, transport, and distribute drugs; to collect and conceal drug-related proceeds; and to communicate with other participants to accomplish such objectives. I have received specialized training in narcotics investigation matters including, but not limited to, drug interdiction, drug detection, and money laundering techniques and schemes.

1

6. I have participated in at least thirty investigations targeting individuals and organizations trafficking heroin, cocaine, marijuana, methamphetamine, and other controlled substances. During the course of these investigations, I have become familiar with the manner in which drug traffickers use the mail to conduct their illegal operations. I have written at least one hundred search warrants related to parcel interdiction efforts.

7. I am a "Federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a federal law enforcement agent engaged in enforcing criminal laws and authorized to request a search warrant.

8. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This Affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## STATEMENT OF PROBABLE CAUSE

### A.   Parcel Identification

9. On August 4, 2020, law enforcement conducted an electronic check of USPS records and databases and identified **THE PARCEL** which was shipped out of Panama City Beach, FL on August 04, 2020. During the records checks, law enforcement noticed several anomalies that, based on their training and experience, are characteristics of parcels containing controlled substances and/or proceeds of narcotics trafficking, including the use of Priority Mail Express service and the sender and recipient cities and states.

10. Based on my training and experience, I am aware the state of California, including the city of Stockton is a source for illegal narcotics shipments; that the state of Florida is a destination for illegal narcotics shipments from Northern California; and that proceeds from these illegal narcotic shipments are often mailed back to the state of California.

11. **THE PARCEL** was sent by Express Mail. Express Mail parcels are assigned a tracking number that allows the sender, recipient, or anyone else with the tracking number to identify the parcel's location in the mail stream at any point from mailing to delivery.

12. **THE PARCEL** did not have the "Signature Required" box checked. Leaving this box unchecked, indicates that the sender wants the package to be delivered regardless of whether the recipient is home or present at the time of delivery. In my training and

experience, this tactic is sometimes used to prevent law enforcement from determining the actual identity of the parcel recipient.

13. **THE PARCEL** did not have telephone numbers listed for either the sender or the addressee on the mailing label, which could prevent either party from being contacted by law enforcement. In my training and experience, this too can be indicative of illicit activity, as senders and addressees of narcotics or proceeds do not typically want to provide contact information.

14. During the records checks, law enforcement determined that the person who shipped **THE PARCEL**, conducted the transaction in cash. Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics and narcotics proceeds through the US Mail often pay in cash as a way to remain anonymous to law enforcement.

15. On August 10, 2020, USPIS took custody of the parcel. A search for the return address for **THE PARCEL**, "Eduardo Cervante 404 Tarpon St. P.C.B, FL 32413" was conducted, using Thomson Reuters CLEAR, an online public and proprietary records database used by law enforcement and government agencies to verify names and addresses. That search confirmed this is a real address; however "Eduardo Cervante" does not associate to this address. Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics and proceeds through the US Mail often provide fictitious names and/or addresses to remain anonymous to law enforcement.

16. A search for the recipient address for **THE PARCEL**, "Ruben Hernandez 5519 Audrey Dr. Stockton, CA 95207" was conducted again using CLEAR. That search confirmed this is a real address; however "Ruben Hernandez" does not associate to this address. Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics and proceeds through the US Mail often provide fictitious names and/or addresses to remain anonymous to law enforcement.

**B.** **Narcotic Detection Canine Sniff**

17. On August 10, 2020, Task Force Officer ("TFO") James Ross used his narcotic-detection trained canine named "Drogo" to sniff **THE PARCEL**. At the time, **THE PARCEL** was located at the Royal Oaks Post Office, located in Sacramento, CA. Prior to conducting the sniff of **THE PARCEL**, the area where Drogo was to conduct the test was proofed by TFO Ross. Drogo did not give a positive alert to the presence of an odor of narcotics in the area.

3

18. **THE PARCEL** was then placed among other office equipment and parcels. At approximately 1051 hours, TFO Ross and Drogo conducted a search of the area and Farley positively alerted to the presence of a narcotic odor emanating from **THE PARCEL**.

19. TFO James Ross has been a full-time sworn peace officer in the State of California since 1998 and is employed by the Placer County District Attorney's Office as a District Attorney Investigator. TFO Ross has approximately ten years of experience in investigating drug trafficking organizations responsible for importing and distributing illegal narcotics throughout the United States. TFO Ross has engaged in detailed conversations with individuals involved in the importation and distribution of narcotics in both an undercover capacity and during post-arrest interviews and debriefs. As a result, TFO Ross is familiar with the tactics used by these organizations and individuals to conceal narcotics and/or proceeds from the sales of narcotics from law enforcement. Currently, TFO Ross is assigned to the United States Postal Inspection Service, Narcotics Enforcement and Criminal Investigations (NECI) Task Force at the Sacramento Domicile of the San Francisco Division. Task Force duties involve the investigation of the unlawful transportation of contraband, including controlled substances and drug proceeds, through the United States Mail.

20. In February 2019, TFO Ross was assigned Drogo. Drogo is Weimaraner mixed breed dog selected from a canine rescue organization based in San Diego, California. Drogo originated in Mexico and his age is estimated to be between eighteen months and two years. Drogo is a "single purpose" working canine, trained in the area of narcotic detection under the instruction of Retired Deputy Sheriff John Riboni of the Los Angeles County Sheriff's Department. Drogo was selected by Mr. Riboni. Mr. Riboni has over thirty-five years of experience with Police K9s, is a Post K9 Certifier, and was formerly a judge with the Western States Police Canine Association. Drogo and TFO Ross have over 250 hours of specialized training from Mr. Riboni in the detection of marijuana, cocaine, heroin, and methamphetamine. Drogo and TFO Ross were initially certified by Mr. Ron Goodpaster (retired) from the Roseville Police Department, on April 24, 2019 as being proficient in the detection of narcotic substances in high, low, and buried locations. Training is ongoing for Drogo and TFO Ross.

21. Drogo's alert consists of physical and mental reactions, which include heightened emotional state, pawing, or a deliberate sit at the area or object he smells the drug odor coming from. Drogo has successfully completed training exercises where known controlled substances, containers, or paraphernalia were hidden, to include parcels, the interior and exterior of motor vehicles, and storage lockers. Drogo also conducts regular

proofing exercises to ensure that he does not alert to regular, non-narcotics-associated odors including, but limited to, food, plastic bags and wrap, tape, and other items. Proofing is a method used in training to ensure the canine alerts only to the odors for which it is trained to alert. Drogo has also been proofed using circulated and non-circulated U.S. currency. Drug proceeds that have been recently subjected to, or stored with, one of the narcotic substances Drogo is trained to detect will be grossly contaminated. This odor, in residual form (billionths of a gram), is present on everyday circulated currency but not in the amount Drogo has been trained to detect.

22. Drogo has previously alerted on United States Mail parcels. Drogo's alerts have cumulatively resulted in the seizure of over $1,000,000 dollars in U.S. Currency (drug proceeds) approximately 35 grams of methamphetamines, 65 grams of cocaine HCL, 60 grams of heroin/opiates, 3,000 grams of marijuana and 2,600 grams of Marijuana BHO.

23. Therefore, it is the opinion of TFO Ross that based on Drogo's alert, **THE PARCEL** contain drugs, paraphernalia or currency that has been recently subjected or stored with one of the narcotics substances Drogo is training to detect and is thus contaminated. This odor, in residual form (billionths of gram), is present on everyday circulation but not in the amount Drogo has been trained to detect.

C.   **Additional Investigation**

24. On August 11, 2020, your Affiant utilized law enforcement tools and databases to locate telephone number (251) 490-6601 associated to the sender address. At approximately 0855 hours, your Affiant called telephone number (251) 490-6601 and spoke to an adult female subject who identified himself as Peggy Steele ("Steele"). Steele confirmed she he lives at "404 Tarpon St. Panama City Beach, FL 32413" but did not send **THE PARCEL.** Steele further stated she does not know anyone named "Eduardo Cervante", "Ruben Hernandez" or anyone in Stockton, CA. Steele was concerned that someone was using her address without her permission.

25. On August 11, 2020, your Affiant, conducted a search of USPS records and databases that revealed an individual who identified himself as "Ruben Hernandez ("Hernandez")" with telephone number (850) 382-4255 called the USPS customer service to inquire about **THE PARCEL.** Multiple telephone calls were placed to this telephone number but your Affiant received the following message, "calling restrictions that prevented the completion of your call". Your Affiant sent a text message to this telephone number requesting a call back. At approximately 1403 hours, your Affiant received a text message from this number stating "You can reach Ruben at (916) 208-1061".

26. At approximately 1417 hours, your Affiant called telephone number (916) 208-1061 and spoke to an adult male subject who identified himself as "Ruben Hernandez". Hernandez stating he is expecting the parcel and provided the tracking number. I identified myself as a United States Postal Inspector and explained the purpose of the telephone call. I further explained that a narcotics detecting K9 alerted to the parcel. Hernandez stated the parcel contained clothing and shoes. I asked for consent to open the parcel and verify its contents. Hernandez said before he would provide consent he wanted to talk to his friend that sent him the parcel. Hernandez requested to call back in 10 minutes. As of the date of this affidavit, Hernandez has not called back. Multiple attempts were made to contact Hernandez but were met with negative results.

### D.   **Methods and Means of Using the United States Mail**

27. Based on my experience, training, and discussions with other law enforcement officers experienced in drug investigations, I know that certain indicators exist when persons use the United States Mail to ship controlled substances from one location to another. Indicators for parcels that contain controlled substances and/or proceeds from controlled substances include, but are not limited to, the following:

    a. It is common practice for shippers of the controlled substances to use Express Mail and Priority Mail because the drugs arrive at the destination more quickly and on a predictable date. Express Mail and Priority Mail, when paired with a special service such as delivery confirmation, allow traffickers to monitor the progress of the shipment of controlled substances. Traffickers pay for the benefit of being able to confirm the delivery of the parcel by checking the Postal Service Internet website and/or calling the local post office.

    b. Packages containing controlled substances or proceeds have, in many instances, a fictitious return address, incomplete return address, no return address, a return address that is the same as the addressee address, or a return address that does not match the place from which the parcel was mailed. These packages are also sometimes addressed to or from a commercial mail receiving agency (*e.g.*, Mail Boxes Etc.). A shipper may also mail the parcel containing controlled substances from an area different from the return address on the parcel because: (1) the return address is fictitious or (2) the shipper is attempting to conceal the actual location from which the parcel was mailed. These practices are used by narcotics traffickers to hide from law enforcement officials the true identity of the persons shipping and/or receiving the controlled substances or proceeds.

    c. Individuals involved in the trafficking of controlled substances through the United States Mail will send and receive Express or Priority mailings on a more frequent

6

basis than a normal postal customer. Drug traffickers use Express Mail and Priority Mail at a higher rate due to their frequent exchanges of controlled substances and the proceeds from the sale of these controlled substances.

   d. In order to conceal the distinctive smell of controlled substances from narcotics detection dogs, these packages tend to be wrapped excessively in bubble-pack and wrapping plastic, and are sometimes sealed with the use of tape around all seams. In addition, the parcels often contain other smaller parcels which are carefully sealed to prevent the escape of odors. Perfumes, coffee, dryer sheets, tobacco, or other substances with strong odors are also sometimes used to mask the odor of the controlled substances being shipped. Drug traffickers often use heat/vacuum sealed plastic bags, and/or re-sealed cans in an attempt to prevent the escape of orders.

   e. California is typically a source state for drugs, especially marijuana. It is common for individuals in California to mail parcels containing narcotics to other states and then receive mail parcels containing cash payments in return.

28. Based on my training and experience, I know that parcels shipped by drug traffickers sometimes contain information and documentation related to the sales and distribution of controlled substances. The documentation can include, but is not limited to, information and instructions on the breakdown and distribution of the controlled substances at the destination; information on the use and effects of the various controlled substances; information about the actual sender; pay/owe sheets; and information and instructions for ordering future controlled substances.

29. Drug traffickers who use the United States Mail and other carriers as a means of distributing controlled substances, paraphernalia, and proceeds, and as a means of communicating with co-conspirators often include the following in parcels relating to their trafficking activity, all of which are evidence, fruits, proceeds, and/or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846:

   f. Controlled substances, including heroin, cocaine, methamphetamine, and marijuana.

   g. Packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

   h. Records reflecting the mailing or receipt of packages through Express Mail, Priority Mail, Federal Express, UPS or any other common carrier.

i. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including financial records related to the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

j. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

k. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

l. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.

///

///

///

///

///

///

///

///

///

///

## **Conclusion**

30. Based on the facts set forth in this Affidavit, I believe there is probable cause that evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846 are concealed in **THE PARCEL**. Accordingly, I respectfully request the issuance of a search warrant authorizing the search of **THE PARCEL** described in the Attachment A and the seizure of the items described in Attachment B.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

/s/ Trevor R. Covert (by telephone authorization)

Trevor R. Covert
United States Postal Inspector

Subscribed and sworn to me telephonically on August __14__, 2020

The Honorable Edmund F. Brennan
United States Magistrate Judge

Approved as to form:

Quinn Hochhalter
Assistant U.S. Attorney

## **ATTACHMENT A**

### *Description of the Parcel to be Searched*

One Priority Mail Parcel measuring approximately 24" x 17" x 17" and weighing approximately 24 lbs. affixed with tracking number EE 336647090 US. **THE PARCEL** is addressed to "Ruben Hernandez 5519 Audrey Dr. Stockton, CA 95207" with a return address of "Eduardo Cervante 404 Tarpon St. P.C.B, FL 32413". **THE PARCEL** bears a postage strip with meter number R23039100575-33 in the amount of $303.05 mailed from ZIP Code 32407 on August 04, 2020 located on the upper left corner of **THE PARCEL**.

**THE PARCEL** is currently in my possession in the Eastern District of California.

## **ATTACHMENT B**

### *List of Items to be Seized*

The following items constitute evidence, fruits, proceeds, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846.

1. Controlled substances of any kind, including but not limited to heroin, cocaine, methamphetamine, and/or marijuana.

2. Packing, packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

3. Any and all records reflecting the sending or receiving of packages through Express Mail, Priority Mail, Federal Express, UPS, or any other common carrier.

4. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including any and all financial records to facilitate the investigation of the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

5. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

6. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

7. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of ) | |
| ) | |
| United States Postal Service Priority Mail Express ) | Case No. 2:20-sw-0718 EFB |
| Parcel EE 336647090 US addressed to "Ruben ) | |
| Hernandez 5519 Audrey Dr. Stockton, CA 95207" ) | |
| ) | |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the        Eastern        District of        California       
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before                               *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of                        .

Date and time issued: 08/14/2020 3:43 p.m.            *[signature]*
                                                              *Judge's signature*

City and state:    Sacramento, California            Edmund F. Brennan, U.S. Magistrate Judge
                                                              *Printed name and title*

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

| **Certification** |
|---|
| I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.<br><br>_____<br>Subscribed, sworn to, and returned before me this date.<br><br>_____    _____<br>                       Signature of Judge                                Date |

## **ATTACHMENT A**

*Description of the Parcel to be Searched*

One Priority Mail Parcel measuring approximately 24" x 17" x 17" and weighing approximately 24 lbs. affixed with tracking number EE 336647090 US. **THE PARCEL** is addressed to "Ruben Hernandez 5519 Audrey Dr. Stockton, CA 95207" with a return address of "Eduardo Cervante 404 Tarpon St. P.C.B, FL 32413". **THE PARCEL** bears a postage strip with meter number R23039100575-33 in the amount of $303.05 mailed from ZIP Code 32407 on August 04, 2020 located on the upper left corner of **THE PARCEL**.

**THE PARCEL** is currently in my possession in the Eastern District of California.

## ATTACHMENT B

### *List of Items to be Seized*

The following items constitute evidence, fruits, proceeds, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846.

1. Controlled substances of any kind, including but not limited to heroin, cocaine, methamphetamine, and/or marijuana.

2. Packing, packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

3. Any and all records reflecting the sending or receiving of packages through Express Mail, Priority Mail, Federal Express, UPS, or any other common carrier.

4. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including any and all financial records to facilitate the investigation of the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

5. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

6. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

7. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.